IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-22914 CIV-Ungaro

EMILIO RIZO,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO PLAINTIFF'S RULE 12(F) MOTION TO STRIKE THE DEFENDANT'S FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH AFFIRMATIVE DEFENSES [DE-4]**

The Defendant, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(f) files this it Memorandum In Opposition to Plaintiff's Motion to Strike the Defendant's First, Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses [DE-8] and moves for entry of an Order denying the motion.

Plaintiff asserts Defendant's Affirmative Defenses are legally insufficient in the following manner: (1) Defendant's First and Fifth Affirmative Defenses violate Rules 8 and 9, (2) the Second, Third, and Fourth Affirmative Defenses are expressly barred under F. S. §627.409(2), and (3) the Sixth Affirmative Defense improperly applies federal maritime law over Florida State Law.

The Defendant contends the Affirmative Defenses are adequate and comply with the pleadings requirements of this District. Specifically, the First and Fifth Affirmative Defenses provide fair notice to the Plaintiff and the Court of the defense being asserted in compliance with Rule 8. The First Affirmative Defense does not allege or imply fraud and does not have to comply with the special pleading requirements set forth in Rule 9. The Fifth Affirmative Defense as plead complies with the special pleading requirements set forth in Rule 9. The Second, Third, and

Fourth Affirmative Defenses are plead in compliance with F. S. §627.409(2) and in accordance with F.S.§627.409(2). The Sixth Affirmative Defense is a proper designation of an admiralty claim consistent with Rule 9(h) and is a choice of laws question to be addressed by the Court as the case progresses.

## **MEMORANDUM OF LAW**

### I.  FACTUAL BACKGROUND

The Plaintiff filed a Complaint for damages after the Defendant denied coverage under a marine insurance policy. [DE-1]   Defendant filed an Answer and Affirmative Defenses in response to the Plaintiff's Complaint [DE-4]and the Plaintiff filed this 12(f) Motion to Strike Affirmative Defenses one through six.  [DE-8].  Defendant now files this Memorandum of Law in Opposition to the Plaintiff's 12(f) Motion to Strike.

### II.  APPLICABLE LEGAL STANDARDS

**A.    RULE 12(F) MOTION TO STRIKE**

Federal Rule of Civil Procedure provides in pertinent part;

> **Rule 12 (f)    Motion to Strike**.  The court may strike from a pleading and insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Pursuant to Fed.R.Civ.P. 12 (f) the court may strike an Affirmative Defense if the defense is insufficient, redundant, immaterial, impertinent, or scandalous matter. The Court may also strike an Affirmative Defense if it has no possible relation to the controversy, confuses issues, or may cause prejudice to one of the parties. Further, a defense that is insufficient as a matter law may be stricken. A defense that is insufficient as a matter of law is (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law. An Affirmative Defense which does not meet the general pleading requirements of Fed.R.Civ.P. 8 may also considered insufficient as a matter of law. <u>Wlodynski v. Ryland Homes of Florida Realty Corp</u>., 2008 WL 2783148

(M.D.Fla.). If an Affirmative Defense is valid as a matter of law but contains a technical deficiency, the court may strike the technically deficient Affirmative Defense without prejudice and grant the defendant leave to amend the stricken defense. Id.

"Affirmative Defenses will be stricken only when they are insufficient on the face of the pleadings. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

An Affirmative Defense is insufficient as matter of law only if it appears the defendant cannot succeed under any set of facts which it could prove the defense. Florida Software Systems Inc. v. Columbia/HCA Healthcare Corp., 1999 WL 781812 (M.D. Fla.).

"A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. An Affirmative Defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. In considering a motion to strike the court cannot consider matter outside of the pleadings." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"Federal courts strongly disfavor striking Affirmative Defenses unless the allegations have no possible relation to the controversy. An Affirmative Defense is a defendant's assertion raising new facts and argument that, if true, will defeat the plaintiff's claim even if all of the allegations in the complaint are true. Curry v. High Springs Family Practice Clinic & Diagnostic Ctr., Inc., 2008 WL 5157683 (N.D.Fla.)

Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters' and will usually be denied unless the

allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Potson v. American President Lines, Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978).

### III. ANALYSIS OF AFFIRMATIVE DEFENSES

**A.    First Affirmative Defense**

Defendant's First Affirmative Defense states;

> 1.    Defendant as and for a First Affirmative Defense alleges that at all times material there was no fortuitous event triggering coverage.

Plaintiff contends this Affirmative Defense does not give Plaintiff fair notice and is not plead in compliance with Fed. R. Civ. P. 8 which states in pertinent part;

> Rule 8(b).  **Defenses:  Admissions and Denials**
>
> (1) **In General**.  In responding to a pleading, a party must:
>
> (A)  state in short and plain terms its defense to each claim asserted against it

Rule 8 requires the defendant give a short and plain statement of the asserted defense. Rule 8 does not obligate a defendant to set forth detailed and particular facts, but requires only that the defendant give fair notice of the defense and the grounds upon which it rests. Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2D 1314, 1318 (S.D. Fla. 2005).

The First Affirmative Defense is plead in compliance with Fed. R. Civ. P. 8(a) in that it gives a short and plain statement of the defense asserted. The First Affirmative Defense asserts the facts plead in the Complaint that led to the denial of coverage was not considered an accident or chance in accordance with the wording of the insurance policy held by the Plaintiff. This insurance policy is incorporated into the pleadings by the Plaintiff as a true and correct copy. The Plaintiff bears the burden to prove the loss was fortuitous.  Axis Reinsurance Co. Henley, 2009 WL 3416248, 14 (N.D.Fla. 2009).

Plaintiff cites to Swierkiewicz v. Sorema, N.A., 122 S.Ct. 992 (2002) and Holman v. Indiana, 211 F.3d 399, 407 (7th Cir. 2000). However, both cases refer to earlier versions of Rule 8 which

are no longer in effect and are not applicable to the instant case. Plaintiff's reliance on <u>Maty v. Grasselli Chem. Co.</u>, 303 U.S. 197, 201 (1938) is also misplaced. Plaintiff improperly paraphrases the law set forth in <u>Maty</u>, as the case law does not refer to pleading defenses. Rather this case is about an amendment to a Plaintiff's Complaint made two years after the filing of the original Complaint and the Court explored the issue of whether or not this amendment was barred by the statute of limitations. All of these cases cited by the Plaintiff are irrelevant, not applicable to the instant case, and should not influence this Court's ruling on the Plaintiff's Rule 12 (f) Motion.

The Rule 12 (f) motion filed by the Plaintiff contends the First Affirmative Defense is not plead in compliance with Fed. R. Civ. P 9(b), Fraud or Mistake: Conditions of Mind, which states in pertinent part;

> "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

The Defendant in its First Affirmative Defense has not plead, alleged, raised or implied the issue of fraud against the Plaintiff. The Defendant simply asserts in its First Affirmative Defense, the facts as plead in the Complaint are not accidental nor chance in accordance with the wording of the insurance policy held by the Plaintiff. Without a specific allegation of fraud, the Defendant is not required to comply with Fed. R. Civ. P 9(b).

Plaintiff's reliance on case law pertaining to motions to strike where fraud allegations are presented is misguided as those cases do not apply to the instant case. <u>IUE AFL-CIO Pension Fund v. Hermann,</u> 9 F.3d 1049 (2nd Cir. 1993), <u>Elseter v. Alexander</u>, 75 F.R.D. 458 (N.D. Ga. 1977), and <u>Lewis v. Varnes,</u> 368 F.Supp. 45 (S.D. NY 1974) all involve Plaintiff's who alleged fraud as part of their action but did not comply with the special pleading requirements for the elements of fraud set forth in Fed. R. Civ. P. 9(b). As the First Affirmative Defense is not predicated upon fraud, the cases are inapplicable.

The First Affirmative Defense is sufficient as a matter of law and presents a question of fact to the relevant issues plead in the Plaintiff's Complaint, bearing a relation to the controversy. It is

not redundant, immaterial, impertinent, scandalous matter, does not confuse issues, and does not cause prejudice to the Plaintiff. Therefore, the first Affirmative Defense should not be stricken, and the Plaintiff's Rule 12 (f) Motion must be denied.

## B.     Second, Third, and Fourth Affirmative Defenses

The Second, Third, and Fourth Affirmative Defenses state;

> 2.     Defendant as and for a further and second Affirmative Defense alleges that at all times material hereto the policy of insurance issued to Plaintiff provided coverage for theft "whilst stored on trailer and parked on a street or private driveway provided it is securely locked by a fully functional anti-theft device in addition to its normal method of attachment and there is evidence of forcible and violent removal of aforesaid security lock and anti-theft device…" The vessel which is the subject of the insurance was not securely locked by a fully functional anti-theft device in addition to its normal method of attachment and/or there was no evidence of forceful and violent removal of aforesaid security lock and anti-theft device. Therefore, the theft loss is not covered under the policy.

> 3.     Defendant as and for a further and third Affirmative Defense alleges that at all times material hereto the policy of insurance issued to Plaintiff included coverage for theft only while in a "locked and secured enclosure or locked and secured storage building following forceful and violent entry into a …locked and secured enclosure,…or locked and secured storage building." The vessel subject to this policy was not in a locked and secured enclosure or building at the time of the theft. Nor was there forceful and violent entry into the locked and secured enclosure as required by the policy provisions. Therefore, there is no coverage for the theft as alleged in the Complaint.

> 4.     Defendant as and for a further and fourth Affirmative Defense alleges that at all times material hereto the theft of any outboard motors attached to the insured water craft while on a trailer are not covered and are specifically excluded by the terms of the policy.

The Plaintiff's Rule 12(f) Motion states the second, third, and fourth Affirmative Defenses fail to allege the purported policy breaches or violations by the insured increased a hazard within the insureds control and the Defendant cannot assert a defense under Florida Statute §627.409(2).

Florida Statute §627.409(2) states in pertinent part:

> (2) A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefor does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.

Florida Statue 627.409(2) is not a statutory provision dealing with the adequacy or sufficiency of the pleading of an Affirmative Defense. Moreover, the question of whether an Affirmative Defense is adequately pled is a procedural issue governed by the Federal Rules of Civil Procedure not Florida Law.

However, taking the allegation of the defense as true, the statutory conditions of Florida Statue 627.409(2) are satisfied by the Affirmative Defenses plead. The pleadings filed by the Plaintiff clearly state the loss occurred as a result of a theft (¶ 3 of the Complaint). The Second, Third, and Fourth Affirmative Defenses are predicated upon the language in Section I – Hull, paragraphs F and G of the marine insurance policy:

> "F. **We** will cover the theft of **Your** boat, tenders, trailer, gear and outboard motors whilst **Your Boat** is in a marina, private dock, locked and secured enclosure or locked and secured storage building following upon forcible and violent entry into a marina, private dock, locked and secured enclosure, repair facility or locked and secured storage building**.**
>
> G. **We** will also cover the theft of **Your Boat** or her boats whilst stored on trailer and parked on a street or private driveway provided it is securely locked by a fully functional anti-theft device in addition to its normal method of attachment and there is evidence of forcible and violent removal of aforesaid security lock and anti-theft device, however **We** will not cover the theft of any outboard motors attached to or stored therein."

The policy wording contractually establishes conditions under which theft is or is not a covered peril. If the actions required under the policy to reduce the hazard of theft are taken (the vessel is securely locked by a fully functional anti-theft device in addition to its normal method of

attachment to the trailer) there is coverage, if the condition is not satisfied thus increasing the risk of theft, then there is no coverage. The Defendant is not barred from raising these policy provisions by way of Affirmative Defenses. Plaintiff confuses the concept of pleading and Affirmative Defense versus proof of the Affirmative Defense. The Defendant will bear the burden of proving the Plaintiff's breach or violation of the warranty increased the hazard. <u>Florida Power & Light Co. v. Foremost Insurance Co</u>., 433 So.2d 536 (Fla. 4th DCA 1983).

The Plaintiff's reliance upon <u>Windward Traders, Ltd., v. Fred S. James & Co. of New York</u>, 855 F. 2d 814 (11th Cir. Fla. 1988) is misguided. The <u>Windward Trader</u> decision did not deal with a motion to strike an Affirmative Defense but rather with the factual issue after trial as the materiality of violation of a notice provision in the policy and whether it increased the hazard in accordance with Florida Statute §627.409(2). Moreover, in <u>Windward Trader</u>, the parties stipulated to the application of Florida Law. As seen in the Sixth Affirmative Defense it is the position of the Defendant that Maritime Law applies not Florida Law. However if Florida law is found to apply, the defenses are properly plead to satisfy the requirements of Florida Statute §627.409(2) and raise question of fact an law directly related to the pleadings.

The Second, Third, and Fourth Affirmative Defenses are sufficient as a matter of law and presents a question of fact to the relevant issues plead in the Plaintiff's Complaint, bearing a relation to the controversy. It is not redundant, immaterial, impertinent, scandalous matter, does not confuse issues, and does not cause prejudice to the Plaintiff. Therefore, the second, third, and fourth Affirmative Defenses should not be stricken, and the Plaintiff's Rule 12 (f) Motion must be denied.

**C.   Fifth Affirmative Defense**

The fifth Affirmative Defense states;

> 5.   Defendant as and for a further and fifth Affirmative Defense alleges that at all times material hereto its rights, duties and obligations to its insured are controlled by the policy wording, conditions, endorsements, and exclusions thereto.

The Plaintiff in his Rule 12(f) Motion contends this Affirmative Defense is inadequate and plead in violation of Rules 8 and 9.

This Affirmative Defense asserts the policy in its entirety controls the rights of the parties under the insurance policy contract. There are no greater rights than those governed by the policy. The policy has been attached and incorporated into the pleadings by the Plaintiff as a true and correct copy and is before the Court putting the Court and the Plaintiff on fair notice of the pleadings.

The Plaintiff in ¶5 of the Complaint asserts, "Plaintiff has fully complied with all conditions precedent as required by the policy, or those conditions have been waived." The Defendant in its Answer to the Complaint [DE-4] specifically denies which provision and conditions precedent have been breached in direct response to the alleged theft in ¶3 of the Complaint. The Fifth Affirmative Defense affirmatively re-asserts the denials contained in ¶5 of the Answer [DE-4] and ensures the Defendant is not raising or waiving a particular defense to a specific provision in the policy as discovery may reflect breaches to more than one provision in the insurance policy.

The Fifth Affirmative Defense is a short and plain statement of the defense putting the Plaintiff and the Court on fair notice of what is being plead in compliance with Rule 8. The Fifth Affirmative Defense complies with pleading requirements set forth in Rule 9(c). The First Affirmative Defense is sufficient as a matter of law and presents a question of fact to the relevant issues plead in the Plaintiff's Complaint, bearing a relation to the controversy. It is not redundant, immaterial, impertinent, scandalous matter, does not confuse issues, and does not cause prejudice to the Plaintiff.

Therefore, the Fifth Affirmative Defense should not be stricken, and the Plaintiff's Rule 12 (f) Motion must be denied. However, the Defendant seeks leave to amend the pleadings and specify which provisions or conditions precedent have been breach should the Court require the Defendant to do so.

**D.      Sixth Affirmative Defense**

The Sixth Affirmative Defense states;

> 6. Defendant as and for a further and sixth Affirmative Defense alleges that at all times material hereto the policy of marine insurance issued to Plaintiff is governed by maritime law.

Rule 9(h) states in pertinent part;

> (h) **Admiralty or Maritime Claim**.
>
> (1) **How Designated**. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim…"

Plaintiff asserts in his Rule 12(f) Motion this defense is legally insufficient. The Defendant has made a designation of an Admiralty claim consistent with Rule 9(h) putting the Court and the Plaintiff on notice of the jurisdictional and choice of law issues. The Sixth Affirmative Defense is a short and plain statement in compliance with Rule 8. The choice of laws issue is for the Court to determine as discovery in this case progresses. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75, S.Ct. 368, L.Ed.377 (1955). The Sixth Affirmative Defense adequately and sufficiently preserves this issue.

The Sixth Affirmative Defense is sufficient as a matter of law and presents a question of fact to the relevant issues plead in the Plaintiff's Complaint, bearing a relation to the controversy. It is not redundant, immaterial, impertinent, scandalous matter, does not confuse issues, and does not cause prejudice to the Plaintiff. Therefore, the Sixth Affirmative Defense should not be stricken, and the Plaintiff's Rule 12 (f) Motion must be denied.

## **Conclusion**

For the foregoing reasons, the Defendant's Affirmative Defenses comply with the applicable portions of Rule 8 and Rule 9.  The Affirmative Defenses are not insufficient as a matter of law and presents a question of fact to the relevant issues plead in the Plaintiff's Complaint, bearing a relation to the controversy. It is not redundant, immaterial, impertinent, scandalous matter, does not confuse issues, and does not cause prejudice to the Plaintiff.  Therefore, the Plaintiff's 12(f) Motion should be denied in its entirety.

DATED this 30th day of November, 2009.

        Respectfully Submitted,

        FERTIG AND GRAMLING
        Attorneys for Defendant Certain
           Underwriters at Lloyd's London
        200 S.E. 13th Street
        Fort Lauderdale, FL 33316
        (954) 763-5020 Broward
        (305) 945-6250 Dade

        By  s/Christopher R. Fertig
           Christopher R. Fertig
           Florida Bar No. 218421
           chris.fertig@fertig.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CMIECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed Electronic Filing.

        s/Christopher R. Fertig

## SERVICE LIST

| | |
|---|---|
| Michael V. Laurato, Esq.<br>mlaurato@austinlaurato.com<br>Austin & Laurato, P.A.<br>1902 W. Cass Street<br>Tampa, FL  33606<br>Telephone:  813-258-0624<br>Facsimile:  813-258-4625<br>Attorneys for Plaintiff Emilio Rizo | |